Filed 9/29/15  Paul v. Super. Ct. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT
DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PARMINDER PAUL,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>        Respondent;<br><br>――――――――――――――<br><br>KIRSTEN PAUL,<br><br>        Real Party in Interest. | D068866<br><br>(San Diego County<br>Super. Ct. No. DS543327) |

ORIGINAL PRODEEDING in mandate.  Paula S. Rosenstein, Judge.  Petition granted.


Borchard & Callahan, Janelle M. Dease, Law Offices of Michael Jason Lee, and Michael Jason Lee for petitioner.


No appearance for respondent.

Linda Cianciolo for real party in interest.

Petitioner Parminder Paul challenges by petition for writ of mandate respondent's September 17, 2015, order purporting to commence the 30-day stay of an order allowing removal of a minor child from the state (Code Civ. Proc., § 917.7) before the formal order allowing his ex-wife, real party in interest Kirsten Paul, to move their minor daughter to Michigan was signed and filed. We grant the petition.

BACKGROUND

Parminder and Kirsten are divorced and have been unable to agree on the custody of their minor daughter, Jasmine. Respondent Superior Court of San Diego County (the family court) held an evidentiary hearing and, on August 19, 2015, granted Kirsten's request that she be permitted to move Jasmine to Michigan. Kirsten's counsel agreed to prepare the formal order granting the move-away request. The unsigned minutes of the hearing state that "[t]he move away is granted" and, inaccurately, that Parminder would prepare the formal order.

Kirsten's counsel drafted a proposed order stating Jasmine was to be returned to Kirsten in Michigan on September 18, 2015, and sent it to Parminder's counsel for review. Parminder's counsel objected to the proposed order on the basis that the return date conflicted with the 30-day stay of move-away orders provided by Code of Civil Procedure section 917.7, which, counsel contended, would not begin to run until the formal order was filed. Kirsten then filed an ex parte application with the family court on September 16, seeking clarification of the move-away order, specifically as to when the 30-day stay commenced and when Jasmine was to return to Michigan. The court granted the application on September 17, and "to clarify any confusion," ordered that the 30-day

2

stay commenced on August 19 and Jasmine was to return to Michigan no later than September 18.

Parminder promptly petitioned this court for a writ of mandate and requested an immediate stay. He argued Jasmine could not be required to return to Michigan on September 18, 2015, because the 30-day stay of Code of Civil Procedure section 917.7 did not begin to run on August 19 and would not do so until the formal order, which Kirsten's counsel agreed to prepare, was signed and filed. We stayed the family court's orders to the extent they purported to require Jasmine to return to Michigan by September 18, obtained a response from Kirsten, and advised the parties we were considering issuance of a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

## DISCUSSION

The family court clearly intended to start the 30-day stay period running on August 19, 2015, and the record suggests both Parminder and Kirsten knew this, but the court never entered an order sufficient to trigger the stay. A postjudgment order allowing removal of a minor child from the state is stayed "for a period of 30 calendar days *from the entry of judgment or order*." (Code Civ. Proc., § 917.7, italics added.) None of the family court's rulings constituted the required "entry" of a move-away "order."

The move-away ruling *made orally* at the August 19, 2015 custody hearing did not constitute entry of an order, because an "order" is a "direction of a court or judge, *made in writing*." (Code Civ. Proc., § 1003, italics added; see *In re Marcus* (2006) 138 Cal.App.4th 1009, 1016 ["a writing is essential to avoid the uncertainty that can arise

3

when attempting to enforce an oral ruling"].)  "A trial court's oral ruling on a motion does not become effective until it is filed in writing with the clerk or entered in the minutes." (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170.)  The minutes of the August 19 hearing do state that "[t]he move away is granted," and ordinarily "[t]he entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes."  (Cal. Rules of Court, rule 8.104(c)(2); see *In re Marcus*, *supra*, at p. 1016 [order "may be set forth in detail in the court's minutes"]; *In re Marriage of Lasich* (2002) 99 Cal.App.4th 702, 705, fn. 1 [postjudgment move-away order is appealable].)  "*But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed . . . .*"  (Cal. Rules of Court, rule 8.104(c)(2), italics added.)  At the end of the August 19 hearing, Kirsten's counsel agreed to prepare a formal move-away order, and the family court's minutes state an order was to be prepared (although they incorrectly identify Parminder as the preparer).  Where, as here, "the trial court's minute order expressly indicates that a written order will be filed, *only the written order is the effective order*."  (*In re Marriage of Drake*, *supra*, at p. 1170, italics added.)  Because no such order has ever been filed, the 30-day stay of Code of Civil Procedure section 917.7 has not yet commenced.

To correct the family court's error in ruling the stay began to run on August 19, 2015, issuance of a peremptory writ in the first instance is appropriate.  The material facts are not in dispute, the applicable law is settled, Parminder is clearly entitled to relief, the need for final resolution of Jasmine's custody is urgent, and no useful purpose would be served by plenary consideration of the issue.  (See Code Civ. Proc., § 1088; *Lewis v.*

4

*Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Jane J. v. Superior Court* (2015) 237 Cal.App.4th 894, 909-910.)

## DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to: (1) vacate its September 17, 2015 order granting real party in interest's ex parte application and purporting to clarify the August 19 move-away order; (2) enter a new order denying that application; and (3) prepare, sign, file, and serve a formal order memorializing the move-away and other orders made at the August 19 hearing. The temporary stay issued by this court on September 18 is dissolved. In the interests of justice, this opinion shall be final as to this court upon filing, and the parties shall bear their own costs. (Cal. Rules of Court, rules 8.490(b)(2)(A), 8.493(a)(1)(B).)


IRION, J.

WE CONCUR:


MCCONNELL, P. J.


MCDONALD, J.

5